9447

ASHE v. SOUTHERN RY. CO.

(89 S. E. 482.)

1. TRIAL—QUESTIONS OF FACT—MOTION FOR NONSUIT.—On defendants motions for a nonsuit and for a directed verdict, where plaintiff has made two different statements that which is most favorable to him must be considered.

2. CARRIERS—EXPULSION OF PASSENGER—RIGHT OF ACTION—PAYMENT OF FARE.—Plaintiff went to defendant's station to purchase advertised round trip excursion tickets, and, after failing to obtain tickets before

the train's arrival by reason of the ticket agent's absence, tried to purchase tickets after the train blew the station signal, but was unable to do so on account of the crowd, and, after the conductor had failed . to hold the train until he could purchase the tickets, boarded it without a ticket and demanded of the conductor that he be carried to and from the show at excursion rates and demanded a return ticket, as a condition of payment of his fare. *Held,* in view of the law forbidding discrimination of rates, and his failure to pay the only rate the conductor was allowed to receive, that he was not entitled to passage on the train, and could not recover for his ejection.

Before Rice, J., Lancaster, October, 1915. Reversed.

Action by W. N. Ashe against the Southern Railway Company. Judgment for plaintiff, and defendant appeals.

For former appeal, see 100 S. C. 187, 84 S. E. 716.

This is an action for damages for the unlawful ejectment of a passenger. The respondent states his case as follows:

"The plaintiff on February 4, 1913, went to the station of the defendant, at Rock Hill, S. C., to take the passenger train due to arrive there at about 5 :50 a. m. There was at that time in progress at Columbia, S. C., the National Corn Show Exposition. The plaintiff lives at Van Wyck, in the adjoining county of Lancaster, but came over to Rock Hill, with some friends, the night before in order to take this early morning train, so that they might have the entire day to attend the corn show. The plaintiff, with his friends, arrived at the station some time before the train was scheduled to arrive. The defendant had two trains scheduled to arrive at Rock Hill about the same time. One was a through train, the other a local between Charlotte, N. C., and Columbia, S. C. The plaintiff and his party wanted to take passage on the through train. It was earlier, made better time, and arrived several hours in Columbia in advance of the local train. The defendant, by posters, circulars, advertisements, and methods usual to advise the public of excursion rates, had advised the public of reduced

rates on account of the corn show, and that these excursion rates were good on both of these trains. The excursion tickets were for the round trip, and also attached to the ticket was an admission card to the corn show. The plaintiff, and others, made repeated efforts to secure a ticket, the excursion ticket, at the office window some time in advance of the arrival of this through train; but the ticket agent was not present, and did not arrive until this through train blew the station signals. Then the plaintiff, with some 50 other passengers, tried to purchase tickets, but the agent did not then have time to issue tickets to but a few present, and the plaintiff gave a friend, Mr. John A. Black, $20 and asked him to purchase five tickets, while he would go and advise. the conductor of the conditions, and have him hold the train until the passengers could get tickets. The plaintiff stated to the conductor the situation, and asked him to delay the train, but the conductor, with characteristic politeness and consideration, ordered the train to start, whereupon the plaintiff got aboard the train. The ticket inspector and conductor demanded that the plaintiff produce a ticket. The plaintiff stated that he was unable to get a ticket, due to the failure of the agent to come to the station in time to sell him a ticket, and tendered to the conductor the excursion rate of fare, and *demanded that he be accepted as a passenger, and carried to Columbia and returned.* (Italics ours.) The conductor and the ticket inspector demanded the full fare, and repeatedly stated that nothing less would be accepted, and that, if the full fare was not paid, then the plaintiff would be ejected at Chester. * * * It suggests that the failure to procure a ticket at Rock Hill was the proximate cause of the plaintiff's ejection at Chester. The action is for an ejection at Chester. The suit is not for failure to purchase a ticket at Rock Hill. . Until the ejection there was no wrong inflicted and there can never be an action until some damage is sustained. The cause of action is for the ejection at Chester. This is too clear for argument."

The defendant moved for a nonsuit and direction of a verdict. These were refused, and the jury found for the plaintiff. From the judgment based upon this verdict, the defendant appealed.

*Messrs. McDonald & McDonald* and *B. L. Abney,* for appellant.

*Messrs. McDonald & McDonald* cite: *As to legal fare:* Civil Code, sec. 3260. *Excursion tickets:* 108 Ga. 496; 34 S. E. 127; 54 L. R. A. 502; 16 A. & E. Ry. Cas. 89; 24 Conn. 249; 8 Hun. 479. *Upon refusal to pay legal fare plaintiff became a trespasser:* 38 S. C. 1; Fetter, Carriers, sec. 312; Moore, Carriers, pp. 553, 731. *Discrimination between passengers:* Civil Code, secs. 3166, 3167, 3260; Crim. Code, sec. 668. *Negligence:* 101 S. C. 11. *Duty to pay legal fare demanded:* 75 S. C. 355; 90 S. C. 507. *Verdict against charge:* 16 S. C. 14; 19 S. C. 489.

*Messrs. J. Harry Foster* and *Dunlap & Dunlap,* for respondent, submit: *Knowledge of ticket agent imputed to conductor:* 71 S. C. 440; 86 S. C. 518. *Evidence of wilfulness:* 64 S. C. 514; 69 S. C. 327; 84 S. C. 102; 87 S. C. 184; 88 S. C. 91, 47 and 426; 97 S. C. 153; 98 S. C. 338 and 96. *Opportunity to purchase ticket:* 92 Am. Dec. 103 and 133; 68 Am. Dec. 562; 16 L. R. A. 53; 42 Am. Rep. 106; 8 Am. St. Rep. 292; 55 L. R. A. 536; 6 Cyc. 549; 5 Enc. of L. (2d ed.) 595; Fetter, Carriers, sec. 269; Elliott, Railroads, sec. 1601 and 1603; Moore, Carriers, sec. 734; 50 Am. St. Rep. 259; Hutchinson, Carriers, sec. 1033. *Torts:* 54 S. C. 498; 6 S. C. 130; 69 S. C. 343; 70 S. C. 87. *Negligence:* 98 S. C. 338. *Charge:* 75 S. C. 140; 79 S. C. 372; 80 S. C. 376 and 407; 74 S. C. 102; 44 S. C. 546; 51 S. C. 469; 68 S. C. 38; 90 S. C. 422; 91 S. C. 477; 95 S. C. 302; 101 S. C. 546. *Excessive damages:* 98 S. C. 42; 100 S. C. 39.

July 7, 1916.

The opinion of the Court, after reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

There are several exceptions, but, in the view which this Court takes of the first question, it need not consider the others.

The appellant claims that the paintiff admitted that he had demanded from the conductor a ticket to Columbia and return, and also a ticket to the corn show. There are two statements, and on these motions that statement must be considered that is most favorable to the plaintiff.

1, 2

Where plaintiff makes contradictory statements (if these statements were contradictory, they may have referred to different times), it may raise a question of fact for the jury. It is conceded here that the plaintiff demanded of the conductor of a train going to Columbia that he should be carried to and from Columbia at reduced rates. There is nothing in the record to show that the conductor was authorized to make any contract or in any way to deal with any train except his own. The law requires the railroads to heed the reasonable explanations of passengers. Duties are reciprocal. The passenger must make reasonable demands and must make the demand of one authorized to act. Authorities are cited to show that where special rates are advertised and a passenger has failed to secure a ticket, without fault on his part, he has the right to be transported at the special rate. These authorities do not apply here for the reason that the plaintiff demanded a return ticket as a condition of payment. The special rate was a round trip rate. To carry the plaintiff one way on the special rate would have been to discriminate against other passengers who contracted for only one way. This discrimination is forbidden by law. The plaintiff did not produce a ticket or pay the only rate the conductor, according to the record, was allowed to receive; he had not paid his fare and lost his ticket, and there was nothing left for the conductor to

do but to eject him. It is said the conductor had a discretion. Discretion does not extend to a violation of the law.

If the plaintiff had brought his action for the failure of the defendant to sell him a ticket at Rock Hill, a different question would have arisen. The plaintiff did not bring his action for the failure to sell him a ticket at Rock Hill and distinctly disavows it.

It was error not to have directed a verdict, and the judgment is reversed.

MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY concurs in the result.

MR. JUSTICE GAGE did not participate in the consideration of this case.